ZEHMER, Judge.
This is a proceeding under the Uniform Reciprocal Enforcement Support Act, chapter 88, parts I and III, Florida Statutes (1983). Appellant has failed to demonstrate that the circuit court reversibly erred in denying appellant’s motion to modify the prior order of child support and appellant’s motion for rehearing.
It appears to be undisputed that a final decree of divorce was entered October 26, 1979, by the United States District Court for the District of the Canal Zone, Balboa Division, which provided that appellant shall pay $100 per month for each of his three adopted children until each child, respectively, reaches the age of twenty-one. Appellant’s first point, that the United States District Court exceeded its jurisdiction in ordering the child support to the age of twenty-one years, fails because at the time the order was entered the Canal Zone code provided that all persons under twenty-one years of age should be considered minors, 4 C.Z.C. § 31 (1962) and, no appeal having been taken, the district court order became final on this issue.
Appellant’s second point, that a dependent child’s age of majority is determined by the law of the jurisdiction in which the child resides (in this case, Texas), is contrary to the provisions of section 88.-081, Florida Statutes (1983), which specifies:
Duties of support applicable under this act are those imposed under the laws of any state where the respondent was present for the period during which support is sought. The respondent is pre *1239 sumed to have been present in the responding state during the period for which support is sought until otherwise shown.
In this case the respondent was a resident of Florida. While the age of majority under Florida law is conceded to be eighteen, nevertheless Florida courts can enforce the provisions of a foreign order for child support if properly brought to its attention in a proceeding under the Uniform Reciprocal Enforcement of Support Act. § 88.271, Florida Statutes (1983). Although the record does not contain a certified copy of the Canal Zone court order, it is abundantly clear that no disputed issue has been raised concerning the contents and obligations imposed by that order as the source of appellant’s duty of support.
We note that the trial court declined to modify the support order so as to reduce the age of support from twenty-one years to eighteen years, ruling that the controlling law is the “law that was in effect in the Canal Zone at the time of the entry of the final decree of divorce on October 26, 1979.” Although this statement is incorrect as to the controlling law on appellant’s current duty of support, independent of the prior order, we nevertheless affirm because the only duty of support being enforced in this proceeding is that required by the final decree entered by the federal district court.
We note that no argument supported by legal authorities was presented by appellant on the following issues: (1) Whether the child’s conduct amounts to emancipation which terminates appellant’s responsibility for support payments; (2) whether the child support obligation may be modified by reason of appellant’s changed physical and financial circumstances. We have not considered these issues and they remain open for consideration in subsequent proceedings.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.